# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 240 MAL 2023 |
| Petitioner | : | |
| | : | Petition for Allowance of Appeal from the Order of the Superior Court |
| v. | : | |
| JASON ANDREW LEAR, | : | |
| Respondent | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 241 MAL 2023 |
| Petitioner | : | |
| | : | Petition for Allowance of Appeal from the Order of the Superior Court |
| v. | : | |
| JASON ANDREW LEAR, | : | |
| Respondent | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 242 MAL 2023 |
| Petitioner | : | |
| | : | Petition for Allowance of Appeal from the Order of the Superior Court |
| v. | : | |
| JASON ANDREW LEAR, | : | |
| Respondent | : | |

## ORDER

**PER CURIAM**

**AND NOW**, this 3rd day of October, 2023, the Petition for Allowance of Appeal is **GRANTED**, **LIMITED TO** the issue set forth below. Allocatur is **DENIED** as to all remaining issues. The issue, as stated by petitioner, is:

Whether a court must assess the Commonwealth's due diligence during a worldwide pandemic for purposes of Rule 600 before it excludes delay attributable to a local judicial emergency during which the president judge cancelled and suspended all trials, suspended Rule 600 and otherwise excluded judicial delay caused by the judicial emergency, and implemented strict procedures to protect the public?